## LOUIS KRANT v. EMMA T. MOE AND OTHERS.[1]

November 10, 1927.

No. 26,444.

**Defendant's mortgage held to be first lien on mortgaged premises.**

[1]   Where there is no evidence in the record as against a mortgagee, who has given full consideration for his mortgage, that anyone except the mortgagors has any equitable right or title to the mortgaged premises, and the mortgagors are in peaceable possession of the premises with legal title thereto, the finding of the trial court that such mortgage is a first lien thereon as against a prior mortgage given by one who had no legal or record title to the land when he gave such mortgage, or at any subsequent time, is sustained.

**When mortgagee paying full consideration is relieved from making inquiry.**

[2]   The fact that one taking a mortgage on land and giving full consideration therefor has notice and knowledge from the abstract of title and records in the register of deeds' office that a prior owner of the land, after he parted with the title thereto, had given a mortgage thereon to a third party, does not cast upon the one so taking a mortgage the burden of making inquiry as to any equities in the land in favor of such prior owner, where the holder of the legal title at the time is in peaceable possession of the land, occupying the same as his homestead.

Mortgages, 41 C. J. p. 563 n. 88 New; p. 601 n. 70 New.

Plaintiff appealed from an order of the district court for Hennepin county, Salmon, J., denying his motion for a new trial. Affirmed.

*Mead & Bryngelson* and *Beth Bryngelson,* for appellant.

*Todd, Fosnes & Sterling* and *Richard Converse,* for respondent Modern Life Insurance Company.

OLSEN, C.

Action by plaintiff to have a real estate mortgage, owned by him, decreed to be a first lien upon a tract of land in Hennepin county;

[1]Reported in 215 N. W. 940.

to have said mortgage adjudged to be prior and superior to the mortgage of defendant Modern Life Insurance Company; and to have the foreclosure of plaintiff's mortgage confirmed.

The district court found against plaintiff to the extent that it held the mortgage owned by Modern Life Insurance Company a prior lien upon the land and superior to plaintiff's mortgage. It gave plaintiff a lien upon the land under his mortgage and confirmed the foreclosure thereof, but subject to the mortgage of the insurance company. Plaintiff made an alternative motion for amendments to the findings of fact and conclusions of law so as to find and hold that plaintiff had the prior and superior lien or, if that be denied, then for a new trial of the action. Plaintiff appeals from the order denying his motion for a new trial. Defendant Modern Life Insurance Company alone appears here to contest the appeal.

A brief statement of facts is as follows: Defendant Levy L. Norblom obtained title to the land in August, 1922, by warranty deed, subject to a mortgage for $3,500 to one Tombers. This mortgage was foreclosed by sale of the land March 9, 1923, and the land bid in by Tombers. A sheriff's certificate was issued to him and recorded on that date. Norblom did not redeem, and the time for redemption by the owner expired March 10, 1924 (March 9 being Sunday). On March 8, 1924, defendant Carl W. Moe obtained, entered and docketed a judgment in the district court of Hennepin county against Norblom for some $500, and on March 15, 1924, redeemed from the mortgage sale as a judgment creditor by the payment of $4,463.74. The redemption is conceded to have vested the legal title to the land in Carl W. Moe. On the same day, March 15, 1924, Levy L. Norblom gave to the plaintiff a mortgage upon the land for $2,000 to secure a loan of that amount, which mortgage was recorded March 17, 1924, and is the mortgage on which this action is based. On the same day, March 15, 1924, Norblom gave a deed of the land to one Hubbard, a banker, and Carl W. Moe and his wife also gave a deed of the land to Hubbard. On December 5, 1924, Hubbard conveyed the land to defendant Emma T. Moe, wife

of Carl W. Moe. On the same day Emma T. Moe and Carl W. Moe mortgaged the land for $3,000 to American State Bank of Minneapolis, the bank with which Hubbard was connected. On January 5, 1926, Emma T. Moe and her husband gave a mortgage on the land to the defendant Modern Life Insurance Company for $4,000 to secure a loan of that amount from said company, which is the mortgage now held by that company. All these instruments were properly recorded.

Emma T. Moe is a sister of Levy L. Norblom. The $4,000 borrowed from the insurance company was used to pay off the mortgage to the American State Bank, to the extent of that mortgage.

Plaintiff's mortgage appears to have been foreclosed by a sale of the premises on December 8, 1926, and the premises bid in by plaintiff at such sale.

At the time Norblom gave this mortgage to plaintiff, he (Norblom) had no legal title to the land and he has never since had or obtained any legal title thereto.

Plaintiff seeks to have his mortgage decreed a prior lien on the land on equitable grounds, or on the theory of a resulting trust and notice thereof to the insurance company. In substance plaintiff contends that at the time Norblom obtained title to the land in 1922 the consideration for the land was furnished jointly by himself and Carl W. Moe, and the title taken in the name of Norblom under a verbal agreement or understanding between them that he took title for the benefit of himself and Carl W. Moe, each to have a one-half interest; that at the time Carl W. Moe redeemed from the Tombers mortgage sale Norblom furnished $2,000 obtained from plaintiff as part of the redemption money, and that Moe redeemed the land for the benefit of himself and Norblom under the same verbal arrangement and understanding; and that Emma T. Moe, the present title holder, was a party to and had knowledge of and acquiesced in said arrangement. Plaintiff further contends that the defendant insurance company, at the time it made the loan and obtained the mortgage held by it, had notice and knowledge, actual and constructive, of the interest of Norblom in the land, of

plaintiff's mortgage thereon, of the equities and trust created and the relations and arrangements between the defendants as to said land, and therefore took its mortgage subject to plaintiff's mortgage and rights in the premises.

At the close of plaintiff's evidence, the defendants Norblom and Carl W. and Emma T. Moe consented that judgment might be rendered against them, establishing plaintiff's mortgage as a lien upon the land and confirming the foreclosure sale made thereunder.

The assignments of error are that the court erred in holding the mortgage of the insurance company a prior lien; in holding that it was not incumbent upon that company "to take cognizance" of plaintiff's mortgage; in refusing to grant plaintiff's motion to amend the findings of fact and conclusions of law; in refusing to amend the conclusions of law by substituting in place thereof conclusions decreeing the plaintiff's mortgage to be a superior and prior lien and encumbrance to the mortgage of the insurance company and to be a first lien; in denying plaintiff's motion for a new trial on the grounds that the decision is not justified by the evidence and is contrary to law; and in sustaining the objection to the evidence offered to be given by the witness H. C. Roberg.

These assignments may be conveniently grouped as follows:

(a) Error in holding the mortgage of the insurance company to be the prior lien and in refusing to amend its findings of fact and conclusions of law so as to find and conclude that plaintiff's mortgage was the prior lien; (b) error in refusing a new trial on the grounds stated; (c) error in excluding the offered testimony of H. C. Roberg.

At the outset we are met with this difficulty in the record: When plaintiff offered his testimony to establish his equitable rights or resulting trust, defendant interposed objection on the ground that it was not binding upon the insurance company and inadmissible as to it. The court, in some instances, sustained the objection as to the insurance company but admitted the evidence as against other defendants; and in other instances received the evidence as against the Moes and Norblom but subject to the objection of the

insurance company, indicating that the same ruling would be made. No further rulings appear, except that at the close of plaintiff's evidence the following appears:

"Mr. Converse: If the Court please, in order that there may be no misunderstanding as to the defense, I understand that none of the testimony that the plaintiff has offered or that has been adduced so far has been received as against the defendant Modern Life Insurance Company, except the abstract and the facts appearing of record.

"Mr. Bryngelson: And the judgment roll, that was received.

"Mr. Converse: I think the judgment roll was received subject to our objection, otherwise that statement is correct.

"The Court: Yes, I think that is correct."

The judgment roll referred to is the judgment roll in the case of Carl Moe against Norblom, the judgment under which Carl Moe redeemed from the Tombers mortgage sale. The objection to the judgment roll was immediately thereafter passed upon and overruled. The plaintiff's mortgage and the note secured thereby were received without objection. Defendant's evidence is confined to the testimony of one witness and does not materially aid the plaintiff.

It may be noted that a number of these objections and the rulings thereon are not in the paper book. There is then this situation: That as against the defendant Modern Life Insurance Company the record contains no evidence of any equities or resulting trust in favor of the plaintiff, and his mortgage was not given by anyone having legal title to the premises.

The court did find:

"That at the time of his purchase of said lands defendant Norblom took title for the benefit of himself and defendants Moe under an arrangement existing between them. That defendant Carl W. Moe, at the time of his redemption, took title for the benefit of himself and defendants Norblom and Emma T. Moe under the same arrangement";

and that at the time of the execution of plaintiff's mortgage,

"defendants Carl W. Moe and Norblom, with the knowledge and acquiescence of defendant Emma T. Moe, stated and represented to plaintiff that said mortgage would constitute a first mortgage upon said lands. That said statements and representations were in fact false, and that said mortgage would not and did not constitute a legal mortgage or a legal lien against said lands. That in making the said loan and accepting said mortgage plaintiff believed and relied upon said statements and representations. That by virtue of said facts, said mortgage constitutes an equitable lien against all the right, title and interest of defendants Moe and Norblom in and to said lands. That defendant Modern Life Insurance Company had no knowledge, either actual or constructive, of any of the facts found in this or in the preceding two paragraphs, save the fact of the marital relationship existing between defendants Moe and the record of plaintiff's mortgage."

These findings indicate that the trial court considered that there was no evidence admitted in the case as against the defendant insurance company showing any equity or resulting trust in favor of the plaintiff, and that the insurance company had no notice of any such equities or trust.

There is the further finding:

"That the said mortgage of defendant Modern Life Insurance Company became and ever since the recording thereof has been a first and prior lien on said lands. That no part of the loan thereby secured has ever been paid."

On this record the court was justified in finding that the mortgage of defendant insurance company was the prior lien. A contrary finding would have no support in the evidence. That disposes of the assignments of error as to the findings and conclusions of law, and as to the assignment that the decision is not justified by the evidence.

The alleged error in sustaining objections to the offered testimony of H. C. Roberg needs but brief consideration. It was proposed to have this witness answer the hypothetical question:

"Assuming the facts disclosed by this abstract to be true as it has been offered here in court, would he as an examiner of this title pass that title, or would he deem the facts disclosed by that record of such force as to require inquiry on his part as to the interests of Krant in this property?"

and that Roberg's answer to that question would be "yes," the foundation proposed to be proved being that Roberg was an attorney at law and was and had been for many years examiner of titles for the Prudential Life Insurance Company at Minneapolis. Disregarding the ambiguity of an answer of "yes" to the question so framed, it seems clear that the matter was not a subject for opinion evidence and that the court correctly sustained the objection.

Careful consideration has been given to the question of whether or not defendant insurance company, because it had notice and knowledge of the recorded instruments in the chain of this title, including the fact that Norblom held legal title to the land until the expiration of the time to redeem on March 10, 1924, had knowledge of the judgment under which Carl W. Moe redeemed the land, and knowledge of the mortgage given by Norblom to plaintiff on March 15, 1924, some five days after he had ceased to have legal title to the land, was thereby put upon inquiry and is chargeable with notice of all such facts as it would have ascertained in reference to Norblom's equities in the land if it had made inquiry of Norblom, plaintiff and the Moes in reference thereto.

It does appear from the evidence that defendant insurance company did investigate as to who was in possession and did ascertain that Emma T. Moe, the holder of the title, and her husband, Carl W. Moe, were and had been in possession of the land ever since the redemption on March 15, 1924, and that they claimed the same as their homestead. With the holder of the legal title in undisturbed possession of the land for nearly two years, occupying the same as her homestead, we are of the opinion that the insurance company might fairly then rest and rely upon the record title and possession shown thereunder, and that the finding of the court that the com-

pany had no notice or knowledge of the equities or rights of Norblom or the plaintiff in the premises is fairly sustained by the evidence.

The order denying the motion for a new trial is affirmed.